DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendants
MORGAN CREEK ENTERTAINMENT GROUP; LIONSGATE ENTERTAINMENT; SUMMIT ENTERTAINMENT LLC; LENTON T. HUTTON; DAVID C. ROBINSON; JAMES G. ROBINSON; STEVEN G. BAGATOURIAN; JEREMY HAFT; EDDIE GONZALEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH G. KARMO,<br><br>      Plaintiff,<br><br>      v.<br><br>MORGAN CREEK ENTERTAINMENT GROUP; LIONSGATE ENTERTAINMENT; SUMMIT ENTERTAINMENT LLC; LENTON T. HUTTON; DAVID C. ROBINSON; JAMES G. ROBINSON; STEVEN G. BAGATOURIAN; JEREMY HAFT; EDDIE GONZALEZ; HARLEY COPEN; and ICM PARTNERS,<br><br>      Defendants. | Case No.: 2:18-cv-09148-PA-AGRx<br><br>Assigned to Hon. Percy Anderson<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date: May 6, 2019<br>Time: 1:30 p.m.<br>Place: Courtroom 9A<br><br>Complaint Filed: October 24, 2018 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17646212.1
232312-10001

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

Defendants Morgan Creek Entertainment Group, Lionsgate Entertainment, Summit Entertainment LLC, Lenton T. Hutton, David C. Robinson, James G. Robinson, Steven G. Bagatourian, Jeremy Haft, and Eddie Gonzales (collectively, the "Morgan Creek Defendants") file this Opposition to Plaintiff Joseph Karmo's March 28, 2019 Motion for Leave to File a Second Amended Complaint (the "Motion").

## I.  INTRODUCTION

On February 25, 2019, the Morgan Creek Defendants' filed a Motion to Dismiss Plaintiff's original complaint. Before the hearing on that motion, Plaintiff Karmo filed his First Amended Complaint. Karmo's First Amended Complaint did not remedy the defects of his original pleading so, on March 13, 2019, the Morgan Creek Defendants filed a motion to dismiss Plaintiff's First Amended Complaint. That motion to dismiss is currently pending, and is under submission.

However, and before the Court had an opportunity to rule on the pending motion to dismiss, Plaintiff Karmo moved to amend his complaint yet again. Thus, on March 28, 2019, two weeks after the Morgan Creek Defendants filed their Motion to Dismiss the First Amended Complaint, Plaintiff Karmo filed the instant Motion. Plaintiff's newest motion to amend requests leave to file a Second Amended Complaint to add two defendants, John Burnham and Bryan Diperstein (collectively, the "Proposed Defendants").

Plaintiff's Motion should be denied for two reasons: First, and most importantly, Plaintiff's Motion is premature. With the Morgan Creek Defendants' Motion to Dismiss the First Amended Complaint pending, it is not appropriate for the Court to have to consider a third version of Plaintiff's complaint.

Second, Plaintiff's proposed amendments to the First Amended Complaint are futile because adding the Proposed Defendants will not remedy the deficiencies in Plaintiff's First Amended Complaint. The addition of the Proposed Defendants, who by Plaintiff's own admission were only involved *after* work on the Film was

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17646212.1
232312-10001

1

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

underway, does not add any relevant factual allegations to support Plaintiff's claims for copyright infringement against the Morgan Creek Defendants (or against any other parties). Thus, even if the amendment were permitted, the newest version of Plaintiff Karmo's pleading would still be subject to dismissal on the grounds that he cannot show either access to his unpublished script or substantial similarity between his script and the film, *All Eyez On Me* (the "Film").

For these reasons, and as set forth below, Plaintiff's Motion should be denied.

## II. ARGUMENT

### A. Plaintiff's Motion to Amend Should Be Denied Because The Morgan Creek Defendants' Motion to Dismiss the First Amended Complaint Is Currently Pending.

On March 13, 2019, the Morgan Creek Defendants filed a Motion to Dismiss the First Amended Complaint (Dkt No. 69). On March 28, 2019, Plaintiff Karmo filed the instant Motion to amend the First Amended Complaint (Dkt No. 83). On April 3, 2019, Plaintiff Karmo filed an Opposition to the Motion to Dismiss (Dkt No. 87).

The Court's ruling on the Motion to Dismiss will inform further pleadings, if any, that Plaintiff may file in this lawsuit. If the Court grants the Motion to Dismiss, the Court may, in its discretion, allow Plaintiff another attempt to file a viable pleading. If the Court permits a further amendment, Plaintiff can file a third complaint in response to the Court's ruling. However, permitting Plaintiff to file a third version of his complaint *before* the Court has ruled on the operative pleading will potentially lead to unnecessary and duplicative filings and motions.

Thus, at this juncture, Plaintiff's Motion to Amend the First Amended Complaint is premature and should be denied.

### B. Plaintiff's Proposed Amendment Is Futile.

Plaintiff's proposed amendments do not address the pleading deficiencies identified by the Morgan Creek Defendants in their initial motion to dismiss, or in

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17646212.1
232312-10001

2

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

1  their currently pending Motion to Dismiss the First Amended Complaint.  Where a
2  proposed amendment is futile or subject to dismissal, leave to amend should be
3  denied.  *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008)
4  (futile, prejudicial, bad faith, or unreasonably tardy amendments need not be
5  permitted); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (amendments
6  subject to dismissal should not be allowed); *Gabrielson v. Montgomery Ward &
7  Co.*, 785 F.2d 762, 766 (9th Cir. 1986) (leave should not be granted for futile
8  amendments); *see also Union Pacific R. Co. v. Nevada Power Co.*, 950 F.2d 1429,
9  1432 (9th Cir. 1991) (amendments seeking to add claims are to be granted more
10 freely than amendments that, as here, only attempt to add parties).

11         Here, Plaintiff seeks to add two defendants, John Burnham and Bryan
12 Diperstein (the "Proposed Defendants").  Plaintiff's explanation for why he hopes to
13 include these two individuals as defendants is vague and has no bearing on his
14 substantive claims for infringement of his Script.  According to Plaintiff's Motion,
15 the Proposed Defendants' involvement in this case related to the "packaging" of the
16 Film.  *See* Motion, Dkt No. 83 at 2:4-14.  Plaintiff claims that the Proposed
17 Defendants are "a vital addition to Plaintiff's complaint because it proves the
18 Plaintiff's claim that ICM packaged the infringing material, and did so unfairly by
19 using bad practices of business (very bad packaging deals, which are blatantly
20 illegal)."  *Id.* at 2:15-17.

21         Even if these allegations were true, Plaintiff's Motion should still be denied
22 because the "packaging" of the Film has absolutely nothing to do with Plaintiff's
23 substantive claim for copyright infringement.  For this reason alone, the Motion
24 should be denied.

25         Moreover, the addition of the Proposed Defendants would not save Plaintiff's
26 complaint from dismissal.  As set forth in Defendants' Motion to Dismiss the
27 Amended Complaint and Reply Brief (Dkt Nos. 69 and 86), Plaintiff has not alleged
28 a viable claim for infringement against any of the defendants.  The elements of

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

17646212.1
232312-10001

3

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

copyright infringement are: (1) ownership of a valid copyright and (2) unauthorized copying by the defendant of protected elements of the work. *Rice v. Fox Broad Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003). "Copying may be established by showing that the infringer had access to plaintiff's copyright work and that the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).

The First Amended Complaint fails to set forth either a plausible claim of "access" to Plaintiff's work, or that Plaintiff's work (even assuming there was a plausible theory of access) is substantially similar in protected expression to the Film. Plaintiff's addition of the Proposed Defendants would not cure these deficiencies. By Plaintiff's own admission, the *only* involvement of the two Proposed Defendants came *after* the Film was already underway—thus, the Proposed Defendants could not have been involved in obtaining access to Plaintiff's work.

For the reasons set forth in Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, Plaintiff has not sufficiently stated any viable claims for relief. Plaintiff's proposed amendments do not address the substantive issues identified in the Motion to Dismiss and, therefore, Plaintiff's proposed amendments would be futile.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17646212.1
232312-10001

4

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

### III. CONCLUSION

For the reasons discussed above, Plaintiff's Motion For Leave To File a Second Amended Complaint be denied.

Dated: April 15, 2019

LOEB & LOEB LLP
DAVID A. GROSSMAN

By: */s/ David A. Grossman*
David A. Grossman
Attorneys for Defendants
MORGAN CREEK ENTERTAINMENT GROUP; LIONSGATE ENTERTAINMENT; SUMMIT ENTERTAINMENT LLC; LENTON T. HUTTON; DAVID C. ROBINSON; JAMES G. ROBINSON; STEVEN G. BAGATOURIAN; JEREMY HAFT; EDDIE GONZALEZ

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17646212.1
232312-10001

5

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT