UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9148 PA (AGRx) | Date | June 28, 2019 |
|---|---|---|---|
| Title | Joseph G. Karmo v. Morgan Creek Entertainment Group, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Attorneys' Fees and Costs Pursuant to 17 U.S.C. § 505 (Docket No. 99) filed by defendants Morgan Creek Entertainment Group; Lionsgate Entertainment; Summit Entertainment LLC; Lenton T. Hutton; David C. Robinson; James G. Robinson; Steven G. Bagatourian; Jeremy Haft; and Eddie Gonzalez (collectively, "Morgan Creek Defendants"). Plaintiff Joseph G. Karmo ("Plaintiff") has filed an opposition (Docket No. 100), and Morgan Creek Defendants have filed a reply (Docket No. 101). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for July 1, 2019 is vacated, and the matter taken off calendar.

**I.      Background**

Plaintiff, proceeding pro se, brought this action for infringement of the copyright in a screenplay he wrote about the hip hop artist Tupac Shakur. According to Plaintiff's Amended Complaint ("AC"), Plaintiff's screenplay focuses on the personal and private aspects of Shakur's life, telling his previously "untold story." (Docket No. 53 ¶¶ 20, 42.) Plaintiff alleged that the defendants' 2017 film All Eyez on Me (the "Film") uses this "same 'untold story' theme" and also includes certain "creative embellishments and fabrications" that Plaintiff made in his screenplay. (Id. ¶ 20, 27-28, 31, 33-34, 42.) Plaintiff wrote his screenplay in 2011, and he alleged that some of the individual defendants obtained a copy of it at a party in 2015. (Id. ¶¶ 20-25.) The AC asserts that some associates of a drug dealer obtained a copy of Plaintiff's screenplay from one of Plaintiff's acquaintances in Detroit, whom they drugged, and they then took the screenplay with them to the party, in California. (Id.) Defendant Hutton, who was at that party and was in need of a script for the Film, purchased Plaintiff's screenplay for $500,000 "in a back-room deal." (Id. ¶¶ 23, 35, 36.)

On March 13, 2019, Morgan Creek Defendants filed a motion to dismiss the AC. (Docket No. 69.) On April 12, 2019, the Court granted Morgan Creek Defendants' motion and dismissed the AC with leave to amend. (Docket No. 95.) The Court explained that Plaintiff had failed to adequately allege the defendants' access to his screenplay for the "copying" element of his copyright infringement claim, and failed to demonstrate that the works were similar beyond a few unprotectable elements. (Id. at 5-7.) Plaintiff did not file an amended complaint in the time permitted, which the Court construed as his election to stand on the strength of his AC. Accordingly, on May 17, 2019, the Court dismissed the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9148 PA (AGRx) | Date | June 28, 2019 |
|---|---|---|---|
| Title | Joseph G. Karmo v. Morgan Creek Entertainment Group, et al. | | |

AC with prejudice and entered Judgment. (Docket Nos. 97, 98.) Morgan Creek Defendants filed their motion for attorneys' fees on May 30, 2019.

## II.   Legal Standard

Under the Copyright Act of 1976, a district court may in its discretion award "a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. The propriety of awarding attorneys' fees first turns on whether the requesting party in fact prevailed on the copyright claim, as a district court's discretion to award attorneys' fees under the Copyright Act is only triggered once there is a "prevailing" party. Cadkin v. Loose, 569 F.3d 1142, 1147 (9th Cir. 2009). To be a "prevailing" party, a litigant must obtain a "material alteration of the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792, 109 S .Ct. 1486, 103 L. Ed. 2d 866 (1989)); see Cadkin, 569 F.3d at 1149.

No precise formula governs whether a court should exercise its discretion to grant attorneys' fees to the prevailing party. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). Rather, "§ 505 grants courts wide latitude to award attorney's fees based on the totality of circumstances in a case." Kirtsaeng v. John Wiley & Sons, Inc., __ U.S. __, 136 S. Ct. 1979, 1985, 195 L. Ed. 2d 368 (2016). The Supreme Court has approved a nonexclusive list of factors to consider, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty, 510 U.S. at 534 n.19. (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986); see Shame On You Prods., Inc. v. Banks, 893 F.3d 661, 666 (9th Cir. 2018). A court should give substantial weight to the reasonableness of the losing party's litigating position but must also take into account the other relevant factors. Kirtsaeng, 136 S. Ct. at 1983, 1988-89. In applying these factors, the Court must remain "faithful to the purposes of the Copyright Act," which was intended to discourage infringement and enrich the public through access to creative works. Fogerty, 510 U.S. at 526-27, 534 n.19; see Kirtsaeng, 136 S. Ct. at 1989.

## III.   Discussion

### A.   Whether Attorneys' Fees Should Be Awarded

Morgan Creek Defendants are "prevailing parties" under the Copyright Act. See e.g., Cadkin, 569 F.3d at 1150 ("[A] defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court."). The Court therefore considers whether it should exercise its discretion to award attorneys' fees.

#### 1.   Defendants' Degree of Success

Morgan Creek Defendants contend that their degree of success weighs in favor of awarding attorneys' fees. (Mot. Mem. P. & A. at 5, Docket No. 99-1; Reply at 2.) Plaintiff contends that he "has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9148 PA (AGRx) | Date | June 28, 2019 |
|---|---|---|---|
| Title | Joseph G. Karmo v. Morgan Creek Entertainment Group, et al. | | |

valid claims that the court dismissed on the pleadings—not on the merits, and it would be inequitable to further grant fees to the defendants when they obtained dismissal . . . on the technical aspects of the pleadings." (Opp'n at 1.)

The Court agreed with Morgan Creek Defendants that the AC failed to establish the defendants' access to Plaintiff's screenplay and the Film's similarity to the screenplay. The Court dismissed Plaintiff's claims with leave to amend and, when Plaintiff failed to file an amended complaint, dismissed this action and entered judgment. This factor weighs in favor of awarding attorneys' fees. See Hall v. Swift, No. CV 17-6882-MWF (ASx), 2018 WL 3203045, at *4-5 (C.D. Cal. Apr. 16, 2018); see also DuckHole Inc. v. NBCUniversal Media LLC, No. CV-12-10077-BRO, 2013 WL 5797204, at *4 (C.D. Cal. Oct. 25, 2013) ("This factor weighs more in favor of a party who prevailed on the merits, rather than on a technical defense." (citing Fantasy, Inc. v. Fogerty, 94 F.3d 553, 559 (9th Cir. 1996))).

        2.        <u>Frivolousness of Plaintiff's Claims and Reasonableness of Plaintiff's Arguments</u>

Morgan Creek Defendants contend that Plaintiff's claims were objectively unreasonable, arguing that his allegations of access were implausible and that he failed to identify protectable expression shared between his screenplay and the Film. (Mot. Mem. P. & A. at 5-7; Reply at 2.) Plaintiff argues in response that his copyright and his claims were valid, his AC adequately alleged similarities between the works and the defendants' access to his screenplay, and that he lost on a mere technicality because he could not afford an attorney. (Opp'n at 1-2.)

Courts often address the frivolousness and reasonableness factors together, e.g., Hall, 2018 WL 3203045, at *3-4, although "[t]he standard for frivolousness appears to be 'somewhat' higher than the standard for objective reasonableness," King v. IM Global, No. CV 15-09646 SJO (AGRx), 2017 WL 2620695, at *3 (C.D. Cal. Jan. 25, 2017) (quoting Epikhin v. Game Insight N. Am., No. 14-CV-04383-LHK, 2016 WL 1258690, at *6 (N.D. Cal. Mar. 31, 2016)). "A claim is frivolous when it is clearly baseless, involving fantastic or delusional scenarios. Stated differently, a case is deemed frivolous only when the result is obvious or the arguments are wholly without merit. A claim is not frivolous merely because it is unsuccessful." Id. at *3 (citations and internal quotation marks omitted).

Plaintiff apparently has a valid copyright registration for his screenplay (AC ¶ 20; AC p. 7(a)), and he did allege a few similarities between his screenplay and the Film, albeit mostly unprotectable elements. (Docket No. 95 at 6-7.) See Pasillas v. McDonald's Corp., 927 F.2d 440, 444 (9th Cir. 1991) (ruling that plaintiff's arguments were not wholly meritless and denying attorneys' fees on appeal even though copyrighted and accused works shared only unprotectable elements). However, Plaintiff's allegations of access were convoluted, speculative, and implausible, and Plaintiff failed to identify a substantial number of shared elements between the works, whether protectable or not. (Docket No. 95 at 5-7.) Additionally, after Morgan Creek Defendants appeared in the case, Plaintiff filed numerous unsuccessful motions that Morgan Creek Defendants were forced to oppose, including a meritless ex parte application for a temporary restraining order against defendant Hutton and his brother. (Docket Nos. 59, 61.) That application alleged that Hutton and his brother had threatened bodily harm to Plaintiff; among other reasons, the Court denied it because it was entirely unrelated to the merits of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9148 PA (AGRx) | Date | June 28, 2019 |
|---|---|---|---|
| Title | Joseph G. Karmo v. Morgan Creek Entertainment Group, et al. | | |

Plaintiff's claims. (Docket No. 63.) In light of Plaintiff's objectively baseless claims and his frivolous filings and arguments throughout this action, this factor weighs in favor of awarding attorneys' fees.

　　　　3.　　　Plaintiff's Motivation and Good or Bad Faith

　　Morgan Creek Defendants argue that "Plaintiff's motivation was not in good faith, as evidenced by his frivolous arguments, in which he included personal attacks against the Film's writers, accused one of the Film's credited writers with being involved with the death of Tupac's mother, and, in response to the Morgan Creek Defendants' request to meet and confer, Plaintiff sent a profane and threatening communication." (Mot. Mem. P. & A. at 7; see Grossman Decl. Ex. D, Docket No. 99-3 at 34.) Morgan Creek Defendants further argue that Plaintiff sought only to obtain a nuisance settlement with his numerous and baseless filings and his personal threats. (Mot. Mem. P. & A. at 8; Reply at 2.) Plaintiff counters that he "initiated this case being a man proud of his work and wanting credit and compensation. The plaintiff acted on good faith, on his own behalf, not able to afford an attorney." (Opp'n at 2.)

　　"The existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party. A finding of bad faith can be based on actions that led to the lawsuit, as well as on the conduct of the litigation." Epikhin, 2016 WL 1258690, at *6 (alteration, citation, and internal quotation marks omitted) (quoting Frost-Tsuji Architects v. Highway Inn, Inc., No. 13-00496 SOM/BMK, 2015 WL 5601853, at *7 (D. Haw. Sept. 23, 2015)). "Courts have held a plaintiff demonstrates bad faith when alleging [a] copyright claim to secure benefits other than merely addressing grievances." Brighton Collectibles, Inc. v. Pedre Watch Co., Inc., No. 11cv00637 AJB (WVG), 2014 WL 29008, at *4 (S.D. Cal. Jan. 2, 2014) (citing Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 (9th Cir. 1996)).

　　Plaintiff's belief in the merits of his claims weighs to some extent against awarding attorneys' fees to Morgan Creek Defendants. See Halicki Films, LLC v. Sanderson Sales & Mktg., 547 F.3d 1213, 1230-31 (9th Cir. 2008) (affirming denial of fees to prevailing defendants where, in addition to other factors, "Plaintiffs' motivation in bringing [their] claims was to protect an interest that they believed was theirs"). However, the manner in which Plaintiff litigated this action demonstrates his bad faith. For example, Plaintiff included personal attacks on defendant Hutton and his brother in his pleadings and the aforementioned application for a temporary restraining order, none of which were relevant to Plaintiff's copyright claims. (AC ¶¶ 7, 32; AC p. 21; Docket No. 59.) Plaintiff accused other defendants of various unfair practices, statutory violations, and crimes that likewise were unrelated to his copyright claims. (E.g., AC ¶¶ 5, 6, 13, 14; AC p. 21.) Plaintiff also frequently included personal attacks against Morgan Creek Defendants' lead counsel in his filings. (E.g., Docket No. 49 at 3; Docket No. 76-1 at 6.) Finally, as already noted, Plaintiff filed frivolous motions; for example, he repeatedly sought to amend his complaint to add more defendants and to obtain injunctive relief. Indeed, many of Plaintiff's attempted motions and other filings were stricken for failure to comply with the Local Rules and this Court's orders. (See Docket Nos. 44, 48, 64, 68, 70, 71, 75, 77, 80, 81, 85.) Although Plaintiff has represented himself, he was cautioned at the outset of this case that he would "be held to the same standards as a lawyer as far as complying with court procedures and the rules and regulations of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9148 PA (AGRx) | Date | June 28, 2019 |
|---|---|---|---|
| Title | Joseph G. Karmo v. Morgan Creek Entertainment Group, et al. | | |

court system." (Docket No. 9 at 2.) See also L.R. 1-3 ("Persons appearing pro se are bound by these rules . . . ."). Because of the manner in which Plaintiff conducted this litigation, this factor weighs in favor of awarding attorneys' fees.

    4.  Compensation, Deterrence, and the Purposes of the Copyright Act

  Morgan Creek Defendants contend that considerations of deterrance weigh in favor of awarding fees here. (Mot. Mem. P. & A. at 8-9; Reply at 2-4.) They argue that their "victory on the motion to dismiss allows the public to enjoy continued access and enjoyment of the Film." (Mot. Mem. P. & A. at 8.) They also assert that awarding them attorneys' fees would encourage copyright owners not to simply settle cases and would serve to deter baseless copyright actions such as this one. (Id.) Plaintiff contends that his claims were meritorious and wrongly dismissed, and that he brought this action in good faith. (Opp'n at 1-2.) Plaintiff also points out that he has proceeded pro se and in forma pauperis. (Id.; see Docket No. 7.)

  "The successful defense against [a] [p]laintiff's copyright infringement claims [may] assure that [a defendant's] literary work remains available to the public, thus furthering the goal of 'stimulat[ing] artistic creativity for the general public good' and perhaps 'lead to further creative pieces.'" See Scott v. Meyer, No. CV 09-6076 ODW (RZx), 2010 WL 2569286, at *3 (C.D. Cal. June 21, 2010) (final alteration in original) (citing Fantasy, Inc., 94 F.3d at 559) (finding that awarding fees to prevailing defendants would serve goals of deterrence and compensation). Here, the Court has found that Plaintiff's claims were objectively unreasonable, Plaintiff made frivolous arguments and motions, and he conducted this litigation in bad faith. In light of these conclusions, considerations of deterrance support an award of attorneys' fees. See Shame On You Prods., 893 F.3d at 668.

  The Court may also consider "whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff." Ets-Hokin v. Skyy Spirits, Inc., 323 F.3d 763, 766 (9th Cir. 2003) (citing Fantasy, Inc., 94 F.3d at 559-60). Plaintiff proceeded in this action in forma pauperis, which weighs to some degree against awarding attorneys' fees. Nonetheless, "numerous courts have awarded fees against pro se plaintiffs in similar cases where the plaintiff insisted on pursuing obviously groundless copyright infringement claims." Lawrence v. Sony Pictures Entm't Inc., No. 2:10-cv-04737-SVW (Ex), 2011 WL 13217267, at *4 (C.D. Cal. Oct. 5, 2011) (collecting cases), aff'd, 534 F. App'x 651 (9th Cir. 2013); see, e.g., Dunn v. Brown, No. 10-11383-FDS, 2012 WL 2500881, at *2 (D. Mass. June 27, 2012) ("[A]n award of costs and fees is crucial here, so as to deter this plaintiff, and other similarly situated plaintiffs, from bringing unreasonable claims based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences if they lose." (quoting Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006))). In this case, Plaintiff's personal circumstances do not outweigh considerations of deterrance, and awarding fees would further the purposes of the Copyright Act.

  In sum, the relevant factors support an award of attorneys' fees. Importantly, Plaintiff's claims were objectively unreasonable, a factor that is given substantial weight. See Kirtsaeng, 136 S. Ct. at 1983, 1988-89. Additionally, although Plaintiff represented himself, he conducted this litigation in an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9148 PA (AGRx) | Date | June 28, 2019 |
|---|---|---|---|
| Title | Joseph G. Karmo v. Morgan Creek Entertainment Group, et al. | | |

unreasonable manner. Considering all of the circumstances of the case, the Court concludes that Morgan Creek Defendants are entitled to attorneys' fees under 17 U.S.C. § 505.

**B.    The Amount of Attorneys' Fees to Be Awarded**

"Having found [Morgan Creek] Defendants are entitled to attorneys' fees pursuant to the Copyright Act, the Court must determine what amount is reasonable." See Neman Bros. & Assocs., Inc. v. One Step Up Ltd., No. 2:17-CV-06400-RGK-SSx, 2018 WL 1414567, at *3 (C.D. Cal. Feb. 12, 2018) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); Cadkin, 569 F.3d at 1147). "To determine the amount of attorney's fees to award, courts within the Ninth Circuit have employed the lodestar method. When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." Epikhin, 2016 WL 1258690, at *4 (citation and internal quotation marks omitted).

Morgan Creek Defendants seek $31,528 in attorneys' fees for a total of 75.7 hours of work by three attorneys and two paralegals. (Mot. Mem. P. & A. at 9-11; Grossman Decl. ¶¶ 6, 13, Docket No. 99-2; Grossman Decl. Ex. A, Docket No. 99-3 at 2-8.) That amount is based on a total of 49.9 hours at an hourly rate of $495.00 by David Grossman, a partner with substantial experience and recognition in copyright matters; a total of 12.5 hours by two associates at a rate of $360.00; and a total of 13.3 hours by two paralegals at a rate of $175.00. (Grossman Decl. ¶¶ 7-10, 13-17; see Mot. Mem. P. & A. at 9-10; Grossman Decl. Ex. A.) Morgan Creek Defendants contend that these hourly rates are reasonable and are commensurate with or below rates charged by other firms. (Mot. Mem. P. & A. at 10; Grossman Decl. ¶¶ 18-23; see Grossman Decl. Exs. B, C, Docket No. 99-3.)

In light of the evidence submitted by Morgan Creek Defendants as well as rates approved in other cases, the Court finds that the requested hourly rates are reasonable. See, e.g., Shame On You Prods., No. CV 14-03512-MMM (JCx), 2016 WL 5929245, at *14-15 (C.D. Cal. Aug. 15, 2016), aff'd, 893 F.3d 661; Lawrence, 2011 WL 13217267, at *3-5. Additionally, the Court has reviewed counsel's billing records and finds that the work performed and the hours claimed are reasonable.

Nonetheless, the Court finds that an award of attorneys' fees in the full amount requested by Morgan Creek Defendants is not appropriate. "The relative financial strength of the parties is a valid consideration" in determining what amount is reasonable under 17 U.S.C. § 505. Lieb, 788 F.2d at 156 (citing Am. Metro. Enters. of N.Y., Inc. v. Warner Bros. Records, Inc., 389 F.2d 903 (2d Cir. 1968); Italian Book Corp. v. Am. Broad. Cos., Inc., 458 F. Supp. 65 (S.D.N.Y. 1978)); see Johnson v. Storix, Inc., 716 F. App'x 628, 632 (9th Cir. 2017) (finding fees award unreasonable in part because the plaintiff "who is now pro se, is an individual plaintiff, rather than another company" (citing Lieb, 788 F.2d at 156)). As already discussed, Plaintiff has proceeded in this action pro se and in forma pauperis. Plaintiff's request to proceed in forma pauperis reflects that he is unemployed and has no income, and the only valuable property he owns is an automobile estimated to be worth $7,000. (Docket No. 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9148 PA (AGRx) | Date | June 28, 2019 |
|---|---|---|---|
| Title | Joseph G. Karmo v. Morgan Creek Entertainment Group, et al. | | |

The Court finds that in light of Plaintiff's status as a pro se litigant proceeding in forma pauperis, and considering all of the circumstances of this case, an award of $20,000 is reasonable. Accordingly, the Court awards Morgan Creek Defendants $20,000 in attorneys' fees.

### Conclusion

For the foregoing reasons, the Court grants Morgan Creek Defendants' Motion for Attorneys' Fees and Costs Pursuant to 17 U.S.C. § 505 (Docket No. 99). Morgan Creek Defendants are awarded $20,000 in reasonable attorneys' fees.

IT IS SO ORDERED.